CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED
November 17, 2025
LAURA A. AUSTIN, CLERK
BY: /s/ Erica Jones
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
(Lynchburg Division)

| | |
|---|---|
| JOHN D. STONE, | * |
| Plaintiff, | * |
| v. | * Civil Action No.: 6:25-CV-00099 |
| CHAPARRAL BOATS, INC., | * |
| and | * |
| VOLVO PENTA OF THE AMERICAS, LLC, | * |
| Defendants. | * |

Please Serve:
Chaparral Boats, Inc.
Registered Agent Jeffrey Smith
300 Industrial Park Blvd.
Nashville, GA 31639

Please Serve:
Volvo Penta of the Americas, LLC
Registered Agent Marcia M. Kull
1300 Volvo Penta of the Americas, Inc.
1300 Volvo Penta Dr.
Chesapeake, VA 23320

## COMPLAINT

Now into Court, through undersigned counsel, comes the Plaintiff, John D. Stone, and moves the Court for judgment against Defendant Chaparral Boats, Inc. and Defendant Volvo Penta of the Americas, LLC on the basis of the following facts and laws:

## JURISDICTION

1. This Honorable Court has Federal Question Jurisdiction of this civil action pursuant to 28 U.S. Code §1331. The Plaintiff asserts a claim pursuant to the Magnuson-Moss Warranty Act, 15 U.S. Code §§2301-2312. The amount in controversy exceeds $50,000.00.

## VENUE

2. Venue in this Honorable Court is proper pursuant to 28 U.S. Code §1391 as this Judicial District is where a substantial part of the events and/or omissions giving rise to the claim occurred. Venue in the Lynchburg Division is proper pursuant to Local Civil Rule 3 because this is where a substantial part of the events and/or omissions giving rise to the claims occurred.

## FACTS

3. On July 16, 2025, the Plaintiff purchased a new 2025 Chaparral 21 SSI boat with a 2025 Volvo V6 250 hp inboard gas engine VIN: FGBD0231I425; Volvo Serial # A1207217 for $69,735.38 from Magnum Boating, Inc. of Moneta, Virginia. Magnum Boating, Inc. of Moneta, Virginia is an authorized dealer of Defendant Chaparral Boats, Inc. and Defendant Volvo Penta of the Americas, LLC for sales and warranty service repair.

4. The Vehicle was manufactured and/or distributed by Defendant Chaparral Boats, Inc. and Defendant Volvo Penta of the Americas, LLC.

5. At the time of purchase, the Subject Vessel came with a Chaparral Boats, Inc. One-Year Limited Warranty covering materials and workmanship; and a five-year World Class Protection Extended Warranty. Additionally, the watercraft came with a Volvo Penta North America Complete Driveline Warranty of 3 years or 480 hours; and Major Components warranty for 60 months or 1,000 hours.

6. The Subject Vessel was purchased on July 16, 2025, with the expectation of reliable performance and cutting-edge marine technology. However, within eleven days of delivery, the boat began exhibiting serious operational failures that have persisted despite repeated and extensive service attempts. The primary issue is a recurring failure of the engine's electrical/control system, causing the engine to fail to turn over and rendering the vessel completely inoperable. This critical defect first appeared on July 27, 2025—just eleven days after purchase—and has continued unabated through multiple repair attempts spanning over three months.

7. Written notice of these defects was provided to both Chaparral Boats, Inc. (the boat manufacturer) and Volvo Penta of the Americas, LLC (the engine manufacturer). The manufacturers were formally notified in writing of the Subject Vessel's nonconformities and the need for corrective action under their respective warranty obligations. Despite this proper notice and acknowledgment of the defects, the problems have remained unresolved.

8. The problem has manifested consistently across various operating conditions: at initial startup, after extended use, following routine maintenance, and even after purported repairs, indicating a fundamental systemic fault rather than isolated

incidents or user error. The electrical system failures have proven particularly troublesome, with documented voltage readings consistently below eleven volts, preventing engine ignition. Compounding these engine problems, the vessel's integrated SIMRAD system—an integrated marine navigation and electronics package that provides GPS chart plotting, sonar/fish finding capabilities, radar display, and vessel monitoring functions essential for safe and efficient boat operation—also failed on August 23, 2025, creating a cascade of operational failures.

9. The Subject Vessel entered the repair facility on August 4, 2025, and has remained out of service continuously since that date—totaling sixty-five consecutive days of downtime to date, most of which occurred during prime boating season. During this extended repair period, technicians have pursued multiple diagnostic theories without success, with written updates provided to both manufacturers documenting the ongoing failure to resolve the defects.

10. On August 18, 2025, the low voltage electrical system failure was identified but remained unresolved. Between September 16 and October 7, 2025, Volvo suspected faulty fuel injectors, requiring extensive testing and component analysis. The focus then shifted to Engine Control Module (ECM) malfunctions, with comprehensive ECM testing performed between October 3 and October 7, 2025. Despite injector and ECM interventions, and ongoing written correspondence documenting each failed repair attempt, the fundamental electrical/control system defect persists.

11. The manufacturers' inability to diagnose and correct the defect after sixty-five

days of professional service, multiple component replacements, and extensive testing demonstrates that the Subject Vessel suffers from a fundamental design or manufacturing defect that cannot be remedied through conventional repair procedures.

12. The owner has meticulously documented five separate engine failure incidents, with each failure promptly reported in writing to both manufacturers along with supporting video evidence. The failures occurred on July 27, 2025 (initial manifestation), August 18, 2025 (documented low voltage condition), August 23, 2025 (simultaneous engine and SIMRAD failures), September 1, 2025 (after minimal one-hour use), and September 6, 2025 (with comprehensive video documentation). This pattern of repeated failures, occurring both before and after repair attempts, establishes that the defect is inherent and uncorrectable through standard service procedures.

13. The core defect is a systemic electrical/control system failure that prevents reliable engine operation, manifesting as consistent failure to turn over or start, documented low voltage conditions, ECM malfunctions, and integrated technology failures. The defect's resistance to multiple diagnostic approaches, component replacements, and extended repair periods indicates a fundamental design flaw affecting multiple interconnected systems. These defects have substantially impaired the Subject Vessel's use through sixty-five days of complete unavailability during prime season, its value as a demonstrable lemon with documented repair history, its safety through unreliable operation creating risk of stranding, and its purpose through complete frustration of recreational

boating enjoyment.

14. Both manufacturers received proper written notice of all defects and repair attempts as required by law yet have failed to conform the Subject Vessel to warranty specifications despite reasonable opportunities to do so, establishing clear violations of both Virginia warranty and Federal Magnuson-Moss Warranty Act requirements.

15. Despite multiple repair attempts spanning significant periods, the Plaintiff continues to experience unresolved warranty defects with the vehicle, resulting in a cumulative total of about the boat has been in the repair shop since August 4, 2025, a period of 65 days (and continuing) with no remedy days out of service. This prolonged period of non-conformance has caused significant inconvenience and has not been resolved satisfactorily under the warranty terms.

## COUNT TWO

## VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT

16. The facts alleged in all preceding paragraphs are incorporated herein by reference.

17. The Plaintiff is a consumer as defined in 15 U.S. Code §2301(3). Defendant Chaparral Boats, Inc. and Defendant Volvo Penta of the Americas, LLC are suppliers and warrantors as defined in 15 U.S. Code §2301(1).

18. The vehicle was manufactured after July 4, 1975, and an express Limited Warranty and an implied Warranty of Merchantability were given to the Plaintiff as a part of the purchase as those warranties met the definition of written

warranty and implied warranty as contained in 15 U. S. Code §2301 (6)(7), respectively.

19. The Limited Warranty has failed its essential purpose, and the Defendants have violated the Act due to its inability to repair or replace the nonconformities within a reasonable time and has refused to provide the Plaintiff with a refund as required in 15 U.S. Code §2304(a)(1) and (4).

20. Defendant Chaparral Boats, Inc. and Defendant Volvo Penta of the Americas, LLC have also breached its implied Warranty of Merchantability since the vehicle, in view of the defects and nonconformities that exist and the Defendants' inability to correct them, is not fit for its ordinary purpose for which the vehicle is being used. 15 U.S. Code §2308, 2310(d).

WHEREFORE, Plaintiff John D. Stone moves the Court for judgement against Defendant Chaparral Boats, Inc. and Defendant Volvo Penta of the Americas, LLC in the amount of the purchase price of the Subject Vessel $69,735.38 as well as all incidental costs, compensation in the amount of $20,000.00 for inconvenience and loss of use, interest payments, reasonable attorney fees in the amount of $750.00 per hour, or one-third of the amount recovered, whichever of the two is greater, expert witness fees, pre-judgement interest running from the date of the first repair attempt, post-judgement interest, court costs, and all other damages, equity and/or law may seem meet.

**TRIAL BY JURY IS DEMANDED.**

Respectfully Submitted,

**JOHN D. STONE**

By: /s/ James B. Feinman, Esq

Of counsel

James B. Feinman, Esq., (VSB # 28125)
LAW OFFICE OF JAMES B. FEINMAN
P.O. Box 697
Lynchburg, VA 24505
(434) 846-7603 - phone
(434) 846-0158 - fax
jb@jfeinman.com
*Counsel for Plaintiff*